TITTLE *v.* BENNETT, ordinary, for use, and *vice versa.*

1. A surety upon a guardian's bond, after obtaining his discharge under §1817 of the code, although liable to the ward for any past default of the guardian, is not liable to a surety of the guardian upon a second bond who has answered for that default in consequence of his own statutory liability upon the second bond. This liability of the second surety is primary, as between himself and the first surety, and he has no right either of indemnity or of contribution from the latter.

2. A proposal by the administrator of the first surety to the second, pending litigation against them jointly upon both bonds in a suit by the ward, to the effect that however the litigation might turn out they would share the burden equally, and the assent thereto by the second surety, constituted no binding contract, especially as against a surety upon the administrator's bond who had no share in the making or the acceptance of the proposal, and neither consented to nor ratified the same.

3. It results from the foregoing that the declaration of the plaintiff below set forth no cause of action, and that the court erred in not dismissing the same on motion of the defendant.

*Judgment reversed. On cross-bill of exceptions, judgment affirmed.*

March 19, 1894. Argued at the last term.

Action on bond. Before Judge MILNER. Dade superior court. March term, 1893.

To an action by the ordinary for use of J. A. Case against J. M. Sutton and Thomas Tittle, a general demurrer was filed by Tittle, who was the only defendant served. The demurrer was overruled, and defendant excepted. Plaintiff took a cross-bill of exceptions to other rulings not material here. The declaration sets forth the following: On December 7th, 1874, J. M. Sutton as principal, and Thomas Tittle and others named as securities, entered into an administrator's bond for

the faithful performance by J. M. Sutton of his duties as administrator of the estate of Leroy Sutton, upon acceptance of which bond J. M. Sutton took possession of the estate. In his lifetime Leroy Sutton became bound as surety on the bond of one Jenkins as guardian of his wards J. W. Williams and Jane Williams, the latter of whom married one Sammons. Jenkins died without accounting for his trust. While Leroy Sutton was so bound he applied to the ordinary to be released from the suretyship; whereupon the ordinary required Jenkins to give another bond, which he did, giving as one of his sureties J. A. Case. After the death of Jenkins, his wards, having arrived at majority, began their action against both sets of sureties, and on the trial recovered judgment, March 25th, 1887, against J. M. Sutton, administrator of Leroy Sutton, McKenzie Nicholas and J. A. Case, for $287.20 for the waste arising upon the bond first given by Jenkins, and $367.53 arising after the execution of the second bond and unaccounted for by Jenkins. During the pendency of said litigation, J. M. Sutton, administrator, went to J. A. Case, and not knowing how the accounting would show up, offered Case a proposition, that however it might turn out they would equally share the burden, to which Case assented. At the time of the rendition of the judgment in favor of the wards of Jenkins, J. M. Sutton had already converted into money the property of the intestate liable to levy and sale, and had himself removed to Tennessee. McKenzie Nicholas, the other surety, was wholly insolvent, having no property liable to seizure under the law, and Case was forced to pay off the whole of the judgment, and the execution issued to enforce the same was returned by the sheriff with an entry of no property as to Leroy Sutton, whereby J. M. Sutton as principal, and his sureties, became liable to an action to enforce contribution. All of said sureties except Tittle have

removed from the State, and have no property therein, except Larkin Payne who is dead, and there is now no administrator on his estate.

W. U. & J. P. JACOWAY, T. J. LUMPKIN and JONES & MARTIN, for Tittle.

R. J. & J. McCAMY and McCUTCHEN & SHUMATE, *contra.*